1

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| VS. | ) CASE NO. 3:11-CR-00341 |
| | ) |
| | ) |
| Reginald Belle, | ) |
| | ) |
| Defendant | ) |
| | ) |
| _____ | ) |

**TRANSCRIPT OF PROCEEDINGS - GUILTY PLEA & SENTENCING**
**BEFORE THE HONORABLE RICHARD P. CONABOY**
**WEDNESDAY, FEBRUARY 15, 2012**
**SCRANTON, PENNSYLVANIA**

**FOR THE PLAINTIFF:**

    John C. Gurganus, Jr., AUSA
    U.S. Attorney's Office
    311 Federal Building
    Scranton, PA  18501

**FOR THE DEFENDANT:**

    Leo A. Latella, AFPD
    Federal Public Defender's Office
    201 Lackawanna Avenue
    Suite 317
    Scranton, PA  18503-1953

_____

**DIANA GILBRIDE, RMR, FCRR**
**FEDERAL OFFICIAL COURT REPORTER**
**P.O. BOX G**
**SCRANTON, PA 18501-0090**

2

1          (11:00 a.m., convene.)

2          THE COURT:  Good morning everybody.  Thank you all

3  for being here.  Let the record reflect, if you will please,

4  that today is the date and time set for the entry of a plea

5  and the imposition of sentence in this case of United States of

6  America versus Reginald Belle, B-E-L-L-E, and it's Criminal

7  Number 11-341.  You are Mr. Reginald Belle, is that correct,

8  sir?

9          DEFT. BELLE:  Yes, your Honor.

10          THE COURT:  And Mr. Belle, you're represented by

11  Attorney Leo Latella, who is here with you this morning, is

12  that also correct?

13          DEFT. BELLE:  Yeah.

14          THE COURT:  All right.  We'll let the record reflect

15  that the Defendant Reginald Belle is present in the courtroom

16  this morning with his attorney, Attorney Leo Latella.  And the

17  United States Government is represented this morning by

18  Assistant United States Attorney John Gurganus, Junior.

19          Mr. Belle, I want to direct my initial remarks to

20  you.  I want you to be careful to listen to everything we say

21  here this morning, because whether it's your lawyer or the

22  government's lawyer or me talking, we'll be talking about you.

23  Because this is the day that you're to enter the plea of guilty

24  and the date that you're to be sentenced on the offense that

25  you committed.  So all of the discussion this morning will be

3

1   about you.  And then as we go along I will ask the government

2   if the government has any comment on what sentence should be

3   imposed, and I will also be asking your attorney to make any

4   comment if he wished to do so.

5          I'm also informed -- and any one of you can correct

6   me if I'm wrong on this -- while the defendant intends to enter

7   a plea to the offense to having committed the offense of

8   assault with a dangerous weapon, that there's been an agreement

9   between the government and the defendant in this case pursuant

10  to Federal Rule of Criminal Procedure 11(c)(1)(C).  And by

11  virtue of that agreement there's a specific sentence of 20

12  months of imprisonment to be entered in this case.

13         In the course of the hearing this morning, Mr. Belle,

14  I'll be explaining to you that the Sentencing Guidelines which

15  are in effect in the United States today makes specific

16  findings as to what numbers should be attached to the crime you

17  committed and what mathematical numbers are attached to your

18  background.  And when those two numbers are taken together

19  there's a recommendation from the United States Sentencing

20  Commission that we should impose a certain sentence within a

21  certain range.

22         There's also a Rule of Criminal Procedure No.

23  11(c)(1)(C), and under that Rule you're allowed to enter into

24  an agreement with the government that provides for a specific

25  sentence to be imposed in your case.  And you've entered into

4

1   that agreement today.  And I want to tell you that I will

2   approve that agreement, and I will be bound by it, and I will

3   impose that sentence upon you, but I want to explain to you all

4   of these other details that are involved in your case also as

5   we go along.

6          Now, I also understand that it's your desire to enter

7   a plea of guilty to this charge of having committed the crime

8   of assault with a dangerous weapon.  And I understand that

9   you've agreed that I can impose a sentence upon you this

10  morning, and I've already received from the probation office

11  this presentence report, which gives me a whole outline of your

12  complete background about you and the offense, as well -- the

13  offense you committed and your own background, so I'm

14  completely aware of all of that and I've been made aware of it

15  by the probation office.

16         It's my intention to proceed to tell you what your

17  rights are as a defendant who has been charged with a criminal

18  offense.  And then I want to ask you some questions about

19  yourself to make sure you know what you're doing this morning

20  and that you're doing it freely and without anybody forcing you

21  or using any force of any kind against you to make you enter a

22  plea.

23         So, I will proceed to tell you, Mr. Belle, that in

24  your case there has been filed by the government what's known

25  as an information.  And that criminal information was filed by

1 the government and charges that you, on or about April the 3rd

2 of 2011, in Wayne County, while you were a prisoner and inmate

3 at the penitentiary -- United States Penitentiary at Canaan,

4 Pennsylvania, committed this assault with a dangerous weapon on

5 another inmate.  And that's the crime that you're charged with.

6        I mention that to you this morning because the charge

7 against you is contained in what's known as an information.  It

8 is not an indictment.  This has not been presented to a grand

9 jury.  But you do have a right to have that charge presented to

10 a grand jury.  And that group of people on that jury would have

11 to determine after hearing the government's side of the case

12 whether or not that grand jury feels they have enough -- the

13 government has enough information to charge you with this

14 offense.

15        Now, that hasn't been done in this case.  And I

16 understand you want to waive that right to have it done and you

17 want to plead to this information that is a document that has

18 been filed by the government, is that correct?

19        DEFT. BELLE:  That's correct.

20        THE COURT:  And do you understand you have the right

21 to have it presented to a grand jury if you so desire?

22        DEFT. BELLE:  Yes, I do.

23        THE COURT:  And is it your desire to give up that

24 right and to plead guilty to this information?

25        DEFT. BELLE:  Yes, it is.

6

THE COURT:  All right.  Now, let me tell you then the few other rights that you have Mr. Belle, and these are all very serious matters, and just because you're charged with an offense in indictment -- or in an information by the government does not mean that you are guilty of that offense.  And the law in the United States says that every citizen has a right to be considered innocent.  There is against you what's known as a presumption -- or in your favor a presumption of innocence.  And because you're presumed to be innocent, a lot of other rights fall from that that you have.

Now, when you plead guilty you give up all those rights.  So you have a right in this case instead of pleading guilty to go to a trial.

And you have a right with the assistance of a lawyer to choose the people who will make up the jury who will hear your case.  And you have a right to see and hear the witnesses who would testify against you.  And you'd even have a right to testify yourself if you wish to do so, although I want to tell you nobody can force you to do that.  And if you did choose a trial and you chose not to testify at the trial, the jury would have to be instructed that they could not use that fact against you in any way because you do not have to assist in the prosecution of a case against you.

At the beginning of the case, if you decided to have a trial and the jury was selected, the judge trying the case

7

would have to tell the jury that they would have to consider

you innocent.  And they could not find you guilty unless and

until they were convinced by the government's evidence that

beyond a reasonable doubt you did commit this offense.

The jury -- the Judge would instruct them that after

they heard all the testimony in the case, if they were

convinced beyond a reasonable doubt, all of them, all 12 of the

jurors, if they were convinced beyond a reasonable doubt that

you did commit this offense they'd have the right to convict

you and find you guilty.  If any one or more of the jurors was

not so convinced, then you could not be found guilty and the

Court -- the government would have to determine whether to try

you again or to give you another trial.

Now, if you plead guilty, on the other hand, which

you tell me you wish to do, you give up those rights and

there's no trial because there's no need for a trial, as long

as you admit that you did commit the offense.  And also in your

case you've agreed, as I understand it, to be sentenced

immediately once you enter a plea of guilty.

So, I'm going to ask the Court Clerk here to swear

you in, Mr. Belle, and I'm going to ask you some questions

about yourself, and then I'll ask you if you understood all

these rights that you have and if you're giving them up of your

own accord.  All right.  Mr. Cleveland, will you swear in the

witness, please.

1          THE DEPUTY CLERK:  Yes, sir.  Please raise your right

2  hand to be sworn in.

3                    DEFENDANT REGINALD BELLE,

4  called as a witness, having been duly sworn or affirmed

5  according to law, testified as follows:

6          THE DEPUTY CLERK:  Will you please state your name

7  and spell it for the record, please.

8          DEFT. BELLE:  Reginald Belle, R-E-G-I-N-A-L-D

9  B-E-L-L-E.

10         THE DEPUTY CLERK:  Thank you.

11         THE COURT:  All right.  I'm going to ask you to keep

12 your voice up so that the stenographer can take down everything

13 you say and so that I can hear you too.

14         DEFT. BELLE:  All right.

15         THE COURT:  I want to tell you, Mr. Belle, initially

16 before I ask you some questions that the charge against you is

17 assault with a dangerous weapon.  That carries a maximum

18 penalty with it of ten years of imprisonment, a fine of up to

19 $250,000.  It does not mean I have to impose that maximum, but

20 you should know that that's the maximum that you could possibly

21 be sentenced to.  And I do want to repeat to you that I

22 understand that you've entered into a specific type of plea

23 agreement with the government where I will be imposing a

24 specific sentence upon you.  But I wanted you to know that that

25 is the exact sentence that could possibly be imposed upon you

1    this morning.

2            And before I ask you some questions about yourself, I

3    also want to tell you that the United States Sentencing

4    Guidelines, which are in effect in this case, places upon the

5    offense that you committed a number of 14.  And because you

6    stabbed the victim in this case with a 6-inch sharpened metal

7    weapon, four points are added to that because of the use of

8    that type of a weapon.  And three more points are added because

9    the victim in this case sustained very severe bodily injury.

10   So the total number when you add the 14 and the 4 and the 3

11   that the United States Sentencing Guidelines gives to the crime

12   that you committed, the total number is 21.

13           And because you've acknowledged your guilt in this

14   case and you've admitted that you did commit this offense,

15   there are three points deducted from that in what's known as a

16   total offense level, the total number that's finally added --

17   or applied to your case to the offense that you committed is a

18   No. 18.  And then we take that number and we try to look at

19   your background.  That's -- this is what the probation office

20   did.  And your background, as you know, is not very good, you

21   have committed certain other offenses.

22           And because -- especially the offense that you're now

23   serving time for, which was assault, destruction of property

24   and a murder too, according to the offense, the place where you

25   were convicted, you were sentenced to a term of 26 years to

1  life.  And because of that conviction there are three points

2  added to your offense level -- or to your criminal history

3  level.  So, you are now what's known as criminal history

4  category three, according to the probation office.

5          Now, that's a very important thing, because when you

6  take the total -- the total offense level, as I said, which is

7  an 18 in your case, and then you take the fact that you're a

8  criminal history category three, normally speaking, you would

9  be facing a sentence of somewhere between 33 and 41 months in

10  your case.

11          Now, I mention that to you, even though you've

12  entered an agreement, and which I intend to follow, to sentence

13  you to 21 -- or to 20 months of imprisonment added to the term

14  you're now serving.

15          It's something you should know and remember and

16  reflect upon, because it means in the future you're going to be

17  in even a worst category.  And if you come before a Court

18  committing any other offense you'll be facing a very, very

19  serious sentence.  Probably a sentence that will keep you in

20  prison for the rest of your life.

21          As I understand it, there's a possibility that when

22  you're about 44 years old you might get out of prison.  But

23  it's important for you to know that you still have this record

24  now that reflects a bad-looking record upon you, and if you

25  were ever to appear in court again for committing any other

1   offense after you would get out of prison, or perhaps even when
2   you're still in prison, you'll be facing very serious time
3   added to the time you already have.  So it's important for you
4   to know that and to think about that.

5          I know you have a pretty bad record, even since
6   you've been in prison, of being incorrigible and getting
7   yourself in trouble.  Now, whether you agree or deny that,
8   that's a problem for you to think about, and I'm only
9   mentioning it to you for that purpose.  And I don't know what's
10  going to happen after you serve your minimum term in this case,
11  where you've already been sentenced, but it's something for you
12  to think about, and whether or not you want to continue to lead
13  a life of getting in trouble, that's up to you.

14         I said to some of the people in my office this
15  morning who helped prepare the presentence report and who
16  helped me look at this case, that you've established for
17  yourself a very serious problem.  And that is, most of your
18  friends are in at least as much bad trouble as you are.  And we
19  usually go on guidance and direction from our friends.  And I
20  suppose even after you would get out of prison, if you get out
21  of prison, the friends that you've established for yourself
22  would only be waiting to get you in more trouble.

23         Now, why do I tell you all that?  I tell you that
24  because even if you serve the time that is now imposed upon
25  you, you'll be a relatively young man when you get out of

1  prison.  And you should have a long life ahead of you.  But

2  that's a decision that you have to make, as to whether that

3  life is going to be served in prison or as a free person.  And

4  that's not going to be an easy choice, I'm not trying to say

5  that, but it's a choice you have to think about and it's

6  something you ought to mull over in your own mind to determine.

7          Let me ask you a few questions on this question of

8  pleading guilty.  Tell me, Mr. Belle, how old are you today?

9          DEFT. BELLE:  34.

10          THE COURT:  34 years old.  And before you went into

11  prison -- I understand you're in prison up in Canaan now.

12  Before you went into prison what was your last home address?

13          DEFT. BELLE:  My last address?

14          THE COURT:  Your last home address.  My understanding

15  is you were kind of living on the streets for a while, but --

16          DEFT. BELLE:  On the streets?  Never.

17          THE COURT:  You were living in Washington, D.C., is

18  that correct?

19          DEFT. BELLE:  I've never been homeless.  Yeah, I

20  lived in Washington, D.C.  30 -- 3050 Stanton Road, SE,

21  Washington D.C. 20012.

22          THE COURT:  Washington, D.C.

23          DEFT. BELLE:  Yeah.

24          THE COURT:  Okay.  Have you ever been married?

25          DEFT. BELLE:  No, never.

1       THE COURT:  Do you have any children?

2       DEFT. BELLE:  No.

3       THE COURT:  Before you got in this kind of trouble

4  what kind of an employment record did you have?  Tell me, did

5  you ever do any work anywhere?

6       DEFT. BELLE:  Never, never been employed.

7       THE COURT:  How far did you go in school?

8       DEFT. BELLE:  Until I was arrested on this case at

9  16.

10      THE COURT:  And you have a GED as I understand it?

11      DEFT. BELLE:  Yes.

12      THE COURT:  And the records I have indicate you have

13  pretty good intelligence, you're a pretty smart person.  That's

14  another thing you ought to think about in your own life, as to

15  what you want to do with yourself.  As I understand it, you can

16  read and write the English language, am I correct on that?

17      DEFT. BELLE:  Correct.

18      THE COURT:  And are you able, in conjunction with

19  your lawyer Mr. Latella, read and write any documents that

20  would be important to you?

21      DEFT. BELLE:  Yes, I can.

22      THE COURT:  I know -- I know you've been in court

23  before.  Have you ever gone through this process of entering a

24  plea of guilty before?

25      DEFT. BELLE:  Never.

14

1          THE COURT:  So this is the first time you've ever

2    done that?

3          DEFT. BELLE:  Yes.

4          THE COURT:  Now, Mr. Latella has been representing

5    you throughout this whole matter.  Are you content with the

6    time and the effort that Mr. Latella has been able to spend

7    with you and explain the charges to you in this case?

8          DEFT. BELLE:  Yes.

9          THE COURT:  All right.  I want to ask you something,

10   Mr. Belle, about your health.  I know you're not a doctor, and

11   I don't mean in a medical way.  But have you taken any drugs or

12   alcohol or any abuse like that in the last say 48 hours that

13   might interfere with your judgment today?

14         DEFT. BELLE:  No.

15         THE COURT:  Okay.  Do you feel yourself mentally and

16   physically alert and well enough to go through with this

17   important matter this morning?

18         DEFT. BELLE:  Yes.

19         THE COURT:  All right.  Did you know, Mr. Belle,

20   before you decided to plead guilty or during the course of your

21   pleading guilty that you had a right to have a lawyer

22   representing you throughout all of these matters?

23         DEFT. BELLE:  Yes.

24         THE COURT:  Did you know that you had -- that you

25   were presumed to be innocent and that you had a right to go to

1  trial rather than plead guilty?

2          DEFT. BELLE:  Yes.

3          THE COURT:  Did you know you had a right to come to

4  court here and pick a jury -- or help pick a jury if you

5  decided to have a jury trial?

6          DEFT. BELLE:  Yes.

7          THE COURT:  And did you know that throughout the

8  course of the trial that you'd have a right if you chose a

9  trial to see and hear all the witnesses who would appear either

10 for you or against you?

11         DEFT. BELLE:  Yes.

12         THE COURT:  And did know you had a right to examine

13 and cross-examine those witnesses?

14         DEFT. BELLE:  Yes, I did.

15         THE COURT:  And did you know you had a right to even

16 testify yourself if you wish to do so --

17         DEFT. BELLE:  Yes.

18         THE COURT:  -- and tell your side of the story?

19         DEFT. BELLE:  Yes.

20         THE COURT:  Okay.  Has anybody at all, officials or

21 your lawyer or family or anybody, members, used any force or

22 threats against you to make you plead guilty in this case?

23         DEFT. BELLE:  No.

24         THE COURT:  Has anybody made any unusual promises to

25 you as to what might happen to you if you would be better off

1  here to plead or anything of that nature?

2          DEFT. BELLE:  No.

3          THE COURT:  And why are you entering a plea of

4  guilty?  Tell me in your own words, why?

5          DEFT. BELLE:  Well, actually, you know, besides

6  regretting my actions, I really think it's in my best interest

7  due to what I believe can be presented against me if I was to

8  choose to go to trial.  I'm not in a position to take that risk

9  or chance and add more time to the time I'm already doing, even

10  though I have to plead to this, it's just not in my best

11  interest.

12          THE COURT:  And is it true that you admit that you

13  did commit this offense?

14          DEFT. BELLE:  Yes, that's correct.

15          THE COURT:  Okay.  I want to ask you another general

16  type of question.  Did you have any confusion or anything in

17  your own mind, any questions you want to ask your lawyer or me

18  before I ask you how you plead to this information?

19          DEFT. BELLE:  No.  I'm --

20          THE COURT:  All right then Mr. Belle, I want to tell

21  you that the information in this case charges that on or about

22  April 3, 2011, that you had a place within the jurisdiction of

23  this United States, namely, that while you were at the

24  Penitentiary at Canaan, Pennsylvania, that you knowingly and

25  intentionally assaulted another person with a dangerous weapon

17

1  with the intent to do bodily harm and without any just cause or

2  reason.  And I want to ask you, how do you plead to that

3  charge?

4          DEFT. BELLE:  I plead guilty.

5          THE COURT:  You plead guilty?

6          DEFT. BELLE:  Yes, sir.

7          THE COURT:  All right.  Now, Mr. Latella, you've had

8  a chance -- I realize you're not entering a plea, but I know

9  you've have a chance to go over this matter with your client.

10  And do you feel it's appropriate for him to enter a plea as I

11  just talked about?

12          MR. LATELLA:  I do, your Honor.

13          THE COURT:  All right.  We'll accept your plea of

14  guilty to this charge as entered and I will proceed then to the

15  sentencing phase of this case, as we've agreed upon.

16          MR. GURGANUS:  Judge, before we do that, can I just

17  have the defendant acknowledge a couple documents?

18          THE COURT:  Sure.

19          MR. GURGANUS:  First of all, sir, this is a Waiver of

20  Indictment form that you executed.  Is that your Waiver of

21  Indictment?

22          DEFT. BELLE:  Yes.

23          MR. GURGANUS:  Did you fully understand that

24  document?

25          DEFT. BELLE:  Yes.

1          MR. GURGANUS:  You fully understood that you could

2    have had this case presented to a grand jury?

3          DEFT. BELLE:  Yes.

4          MR. GURGANUS:  And by waiving indictment it's as if

5    the grand jury returned the charges against you in this case?

6          DEFT. BELLE:  Yes.

7          MR. GURGANUS:  I will also show you a Defendant's

8    Acknowledgment of Rights Waived by Guilty Plea.  It's a

9    four-page document.  Did you read this document?

10          DEFT. BELLE:  Yes.

11          MR. GURGANUS:  Do you fully understand it?

12          DEFT. BELLE:  Yes.

13          MR. GURGANUS:  It went through many of the rights

14    that the Court just went through with you about what you're

15    waiving by pleading guilty.  Do you understand that?

16          DEFT. BELLE:  Yes.

17          MR. GURGANUS:  It also goes through what the

18    recommended sentence is going to be?

19          DEFT. BELLE:  Yes.

20          MR. GURGANUS:  And you signed it?

21          DEFT. BELLE:  Yes.

22          MR. GURGANUS:  No questions about this document?

23          DEFT. BELLE:  No, I understand it.

24          MR. GURGANUS:  We'll file that also.  And Judge, just

25    briefly for a factual basis, I would note that there would be

 1  witnesses that would testify to the very facts that you just

 2  set forth.  And it included a video of the actual assault, and

 3  I'd also note that in addition to correctional officers who

 4  observed the assault, that the weapon was also recovered, and I

 5  would just ask the defendant to acknowledge those facts and we

 6  can prove those facts.

 7          THE COURT:  All right.  Do you acknowledge that those

 8  facts are correct and that you did -- you were involved in that

 9  assault as Mr. Gurganus just described?

10          DEFT. BELLE:  Yes.

11          THE COURT:  All right.  Thank you Mr. Gurganus.  I

12  should have asked you to do that a minute ago.

13          MR. GURGANUS:  That's fine.

14          THE COURT:  And I will make this waiver of indictment

15  and the defendant's acknowledgment that you've just questioned

16  him on part of the record in this case.

17          MR. GURGANUS:  Thank you, Judge.

18          THE COURT:  Mr. Latella or Mr. Gurganus, is there any

19  other matter that I need to explore before we move to the

20  sentencing in this case?

21          MR. LATELLA:  If your Honor would briefly before

22  sentencing -- the plea agreement does contain one paragraph

23  that we normally don't agree to.  Your Honor explained the

24  provisions of the 11(c)(1)(C).  But this particular plea

25  agreement also contains an appeal waiver.  And I'll just put on

1 the record why we agreed to that.  And the reason that we've

2 agreed to that was because the government had agreed to a

3 sentence that was roughly two levels below the guideline range.

4 But I believe Mr. Belle understands he has a right to appeal

5 and that he waives --

6       THE COURT:  Is the statement that your counsel just

7 made on your behalf accurate Mr. Belle?

8       DEFT. BELLE:  Yes, it is.

9       THE COURT:  All right.  Thank you.  I was going to

10 look at that later, but I do appreciate you making that part of

11 the record, that there's a waiver of the plea -- of any appeal

12 for any sentence that is imposed in this case.

13       Now, Mr. Belle, I just want to mention a couple of

14 things about the sentencing in this case.  I want to repeat, as

15 I said before, and your counsel have said, that this is a

16 special plea that's been entered into in this case by agreement

17 that you've entered into with the government under Federal Rule

18 of Criminal Procedure 11(c)(1)(C).  And by virtue of that Rule

19 and by virtue of you entering into this agreement, it's an

20 agreement that the Court will impose a sentence upon you of 20

21 months to run consecutively to the sentence that you're

22 presently serving.

23       And I also understand that that plea agreement has

24 included in it a waiver or a giving up by you of any right to

25 appeal any sentence that's imposed this morning.  Do you

1  understand all of that?

2         DEFT. BELLE:  Yes.

3         THE COURT:  And is that agreeable to you?

4         DEFT. BELLE:  Yes.

5         THE COURT:  Okay.  Now, pursuant to that agreement

6  we had -- the probation officer in the Middle District of

7  Pennsylvania made this report to me, as I mentioned to you

8  before, and it gives me a history of your background and some

9  of the things you've been involved in over the course of your

10 life.  I don't intend to go into that extremely long with you.

11 I know you've received a copy of it and I know you should be

12 well aware of those things yourself.

13         But I just want to bring to your mind that you're at

14 an age in your life now where you either make a decision on

15 your own that you're going to spend a lot of your life in jail

16 or in trouble with the authorities all of the time, unless you

17 make some significant changes in your life, but that's a matter

18 that's up to you.  I know you came from what's traditionally

19 called a broken family, and you don't have much association

20 with family members as such.

21         As I mentioned to someone this morning, someone like

22 yourself, I realize that even deciding on who are your friends

23 is not the easiest thing in the world for you to do.  And many

24 of your friends, from what I understand from the pretrial

25 report that's been made to me are in trouble themselves or

1   probably have more trouble than you did.  I understand too that

2   you began -- experimenting is a word that's used

3   euphemistically -- you've been experimenting with drugs since

4   you're about 12 years old and got involved with using drugs

5   yourself over a long period of time.

6          Another thing that's a bad, bad matter in your

7   behalf, in your background, but more importantly whether it's

8   bad or good, it's up to you to make a determination as to

9   whether you're going to continue that.  Some of the conduct

10  that you've been involved in even since you're in prison shows

11  that you find it hard to take orders and to follow the rules

12  and regulations.

13         And the fact that you'd even beat somebody else up in

14  prison is not a good thing at all and it's the cause of having

15  more time added to your sentence.  I mention that again to you

16  not to berate you.  You've got yourself in enough trouble

17  without any comment from me.  But I mention it to you to say

18  that these are things that you should be aware of and go

19  through in your own mind to determine whether or not you're

20  moving in the right direction, or maybe you'd consider moving

21  in a different direction.

22         I think your counsel and the government working

23  together in this case have done a good thing for you in

24  reaching an agreement to impose a sentence that is considerably

25  below what is recommended by the United States Sentencing

1  Guidelines.  But I intend to be bound by that because both the

2  government and you and your counsel have indicated to me, and

3  it was approved by the probation office, that apparently that's

4  a valid and a most appropriate sentence under all the

5  circumstances in your case.  And so I'll be imposing a sentence

6  of you, imposing a sentence of 20 months upon you.

7           But there are some very specific matters about that

8  sentence that I want to mention to you as I impose a sentence

9  upon you this morning, and I ask you again to listen carefully

10 as I do that.

11          And prior to my reading and explaining to the exact

12 sentence, I want to ask the government if it has any comment on

13 sentencing, and I want to ask your counsel to do that.  And Mr.

14 Gurganus, if you're ready and if you have any comments on

15 sentence or why the agreement was entered in this case, you can

16 proceed to do that, if you will, please.

17          MR. GURGANUS:  Judge, also before you impose

18 sentence, just make sure the defendant has any opportunity he

19 wants to make any comment.

20          THE COURT:  Yes, we give him that.

21          MR. GURGANUS:  Judge, I would just note that on

22 suggestion that this would be the appropriate sentence, we're

23 moving that you impose that sentence.  You indicated that you

24 will.  I would note though that in addition to just this

25 imprisonment, that there are repercussions for him within the

1  bureau of prisons when you engage in this type of conduct.  He

2  was probably locked into the special housing unit immediately

3  after, which is very restrictive type imprisonment.  And

4  obviously this is going to be part of his record.  We thought

5  it important to have this defendant convicted of this type

6  crime to try to deter others from engaging in it.  But we also

7  recognize that he has a long way to go on his other sentence.

8  And for all the reasons, including to avoid the necessity of a

9  trial, we thought that giving him somewhat of a break,

10  recognizing that he is getting additional punishment within the

11  prison system, that it would be a reasonable sentence under all

12  the circumstances.

13          And we're also -- we're interested in obtaining an

14  appeal waiver and collateral attack waiver such that there

15  would be no other resources expended on this case.  That's all

16  I have, Judge.

17          THE COURT:  All right.  Thank you very much.  Mr.

18  Latella, if you have any comment on sentence you can proceed.

19          MR. LATELLA:  Your Honor, briefly, I would reiterate

20  much of what your Honor had already said, is Reggie came into

21  the system when he was 16 years old.  He was in tenth grade.

22  He was doing incredibly well.  The record shows that he was

23  bright and had a lot of potential and talent.

24          Then at age 16, from that point on he's been in

25  prison.  And unfortunately, those who mentored him and who have

1  befriended him were folks that he met in federal

2  penitentiaries.  And Reggie understands that he has a lot of

3  growth ahead of him.  But he's a very bright young man and he

4  wants to make those efforts.  He's studying.  He achieved his

5  GED.  And unfortunately had this little setback.  But I think

6  it's something that he could move on from.

7          THE COURT:  All right.  Thank you Mr. Latella.  Mr.

8  Belle, it's not mandatory, but if you wish to make any comment

9  about this sentence or anything else you wish to comment on or

10 any questions, you can proceed to do that, if you will, please.

11         DEFT. BELLE:  No comment.

12         THE COURT:  All right, sir.  You're presently serving

13 time up in Canaan on a sentence that was imposed upon you by

14 the Superior Court of the District of Columbia, is that

15 correct?

16         DEFT. BELLE:  Yes.

17         THE COURT:  All right.  Well, I want you to listen

18 carefully as I announce to you, Mr. Belle, the sentence that's

19 to be imposed upon you here this morning.

20         Pursuant to the various acts that give the authority

21 to this Court, and particularly the Reform Sentencing Act of

22 1984, it's the sentence of this Court, Mr. Belle, that you be

23 committed to the custody of the Bureau of Prisons for a term of

24 20 months.  And this term of imprisonment of 20 months which I

25 impose upon you this morning, I make as part of this sentence

1  that it run consecutively or that it be added to your

2  imprisonment which was imposed upon you by the Superior Court

3  of the District of Columbia.  And that was imposed to Docket

4  No. F-8604-94B-E and G and H and I, all of the docket numbers

5  of the Superior Court of the District of Columbia.

6          I further order as part of this sentence Mr. Belle

7  that you pay to the clerk of the United States Courts here in

8  the Middle District of Pennsylvania a special assessment of

9  $100, which follows a conviction for your plea on this case as

10  you've entered here.

11          I further find Mr. Belle that as a result of my

12  reviewing the presentence report in this case, that you

13  apparently do not have the ability to pay a fine and I will not

14  be imposing a fine as part of this sentence.

15          I further make it part of this sentence, Mr. Belle,

16  that upon release from your imprisonment that you should be

17  placed upon supervised release for a term of two years.  And

18  within 72 hours after you're released from prison you should

19  report to the probation office in the district where you are

20  released to begin serving that sentence of supervised release.

21          I further tell you, Mr. Belle, that while you're on

22  supervised release that you must as a result of your entering a

23  plea, and I make it part of this sentence that you cooperate in

24  the collection of a DNA sample.

25          I further make it part of this sentence that you

1  submit to at least one drug test within 15 days after the date

2  of your release from prison.

3       I further make it part of this sentence, No. 3, that

4  while you're on supervised release that you shall undergo a

5  substance abuse evaluation, and if it's recommended by the

6  probation department that you complete a program, either

7  inpatient or outpatient treatment for your substance abuse.

8       I want to tell you then, Mr. Belle, that the total of

9  this sentence is that you be sentenced to 20 months of

10  imprisonment, in addition to or consecutive to the sentence

11  that you're already serving that was imposed upon you by the

12  Superior Court of the District of Columbia.  That you pay an

13  assessment of $100.  That there be no fine imposed upon you.

14  And that upon release from imprisonment you be placed on

15  supervised release for a period of two years.

16       I want to tell you, even though you have issued and

17  signed and stated in Court that you gave up your right to

18  appeal, that normally you do have a right to appeal from any

19  sentence that's imposed upon you if you find that the plea was

20  somehow improperly entered or the sentence was incorrect in

21  some way.

22       You do have a statutory right to appeal.  You have

23  waived that or given up that right to appeal.  But I want to

24  tell you that there are some courts that are still looking at

25  those matters, and if you decide to appeal you have to do it

28

1  within 14 days from this date.  And you'll have the right to

2  have a lawyer represent you without any cost to you.  And if

3  you feel you cannot afford the cost of a lawyer to help you on

4  the appeal you have a right to ask the Court to appoint

5  counsel, and the Court will appoint counsel to assist you at no

6  cost to you.

7           So that's the totality of the sentence that's imposed

8  this morning.  Is there anything else Mr. Latella that you wish

9  to cover this morning?

10          MR. LATELLA:  No, your Honor.  Your Honor, I'm

11  certain that the marshals would want to return him to Canaan as

12  quickly as possible.  I just wanted to communicate Mr. Belle's

13  desire to be returned as quickly as he could.

14          THE COURT:  All right.  We'll so order that that be

15  done as soon as possible by the United States Marshal.  Mr.

16  Gurganus, anything?

17          MR. GURGANUS:  No other matters Judge.  Thank you.

18          THE COURT:  All right.  Thank you all very much this

19  morning.  The defendant is remanded and the court is adjourned.

20             (11:40 a.m., court adjourned.)

21

22

23

24

25

29

1                    REPORTER'S CERTIFICATE

2

3        I, DIANA L. GILBRIDE, Official Court Reporter for the

4   United States District Court for the Middle District of

5   Pennsylvania, appointed pursuant to the provisions of Title 28,

6   United States Code, Section 753, do hereby certify that the

7   foregoing is a true and correct transcript of the

8   within-mentioned proceedings had in the above-mentioned and

9   numbered cause on the date or dates hereinbefore set forth; and

10   I do further certify that the foregoing transcript has been

11   prepared by me or under my supervision.

12

13

14                              /s/ Diana L. Gilbride
                                Diana L. Gilbride, RMR, FCRR
15                              Official Court Reporter

16   REPORTED BY:

17        DIANA L. GILBRIDE, RPR
          Official Court Reporter
18        United States District Court
          Middle District of Pennsylvania
19        P.O. Box G
          Scranton, PA  18501-0090
20

21        (The foregoing certificate of this transcript does not
     apply to any reproduction of the same by any means unless under
22   the direct control and/or supervision of the certifying
     reporter.)

23

24

25